**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAYMON ELIUD GUTIERREZ-ARAUZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>Respondent. | Case No.:  3:26-cv-02082-RBM-VET<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

On April 2, 2026, Petitioner Daymon Eliud Gutierrez-Arauz ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  For the reasons below, the Petition is **DISMISSED** without prejudice.

## I.      DISCUSSION

The Court must screen habeas corpus petitions to determine whether they are subject to summary dismissal.  *See* Rules Governing Section 2254 Cases in the United States District Courts R. 4 (2019) [hereinafter "Habeas Rules"]; *see Lainez Flores v. Warden*, Case No.: 26-cv-168-JES-VET, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) ("A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254.").  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Habeas Rule 4, or "where the allegations in the petition are vague or conclusory." *Kourteva v. INS*, 151 F.

1

Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citation omitted).

To survive screening , the petitioner need only make out a claim that is sufficiently "cognizable" to warrant a return or answer from the government. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But *pro se* litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). The dismissal does not bar the petitioner from seeking habeas relief in the future. *Sanders v. United States*, 373 U.S. 1, 8 (1963).

In this case, Petitioner represents that he was detained on November 17, 2025, "has been detained without trial or conviction," and "does not pose a danger to the community nor a flight risk." (Doc. 1 at 1.) He seeks "immediate release from ICE custody while his immigration proceedings continue." (*Id.*) However, Petitioner does not present a claim that would entitle him to relief, such as violation of a statute, the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, or the Administrative Procedure Act.

Petitioner also does not allege any facts that support his entitlement to habeas relief. Petitioner provides no facts regarding when and where he entered the United States, how long he has resided in the country, the status of his immigration proceedings, whether he has received a bond hearing, whether he was previously detained by Respondent and released on parole, or whether he is subject to mandatory detention. Without this information, the Court cannot determine whether Petitioner is entitled to habeas relief. As the Petition fails to meet the screening requirements for a habeas petition, summary dismissal is required.[1]

---

[1] Petitioner may be interested in contacting Federal Defenders of San Diego, Inc. to see if a Federal Defender can represent Petitioner in this matter.

3:26-cv-02082-RBM-VET

## II.    CONCLUSION

For the reasons above, the Petition (Doc. 1) is **DISMISSED without prejudice**. Petitioner may file an amended petition addressing the issues identified above **on or before April 27, 2026**.  The amended petition must be complete in itself and may not reference or incorporate any other prior filings.  Failure to file an amended petition **on or before April 27, 2026**, may result in dismissal of this action.

**IT IS SO ORDERED**.

DATE:  April 3, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3