UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYMON ELIUD GUTIERREZ-ARAUZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER, et al.,<br><br>Respondents. | Case No.:  3:26-cv-02082-RBM-VET<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 9]** |

Before the Court is Petitioner Daymon Eliud Gutierrez-Arauz's ("Petitioner") Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 9.)  For the reasons below, the Court **DENIES without prejudice** the Petition.

## I.     BACKGROUND

Petitioner is a citizen of Nicaragua who fled his home country to seek asylum in the United States.  (*Id.* at 2.)  He was paroled into the United States in December 2022.  (*Id.*)  In November 2025, Immigration and Customs Enforcement agents detained Petitioner in New Jersey, based on a warrant that they had for a different person.  (*Id.*)  Petitioner was then transferred to Otay Mesa Detention Center.  (*Id.*)  On March 18, 2026, an immigration judge ordered Petitioner removed to Nicaragua. (Doc. 10-2 at 2.)  Petitioner "did not appeal this decision to the Board of Immigration Appeals." (Doc. 9 at 2.)

1

On April 2, 2026, Petitioner filed his initial habeas petition. (Doc. 1.) The Court dismissed the petition without prejudice. (Doc. 2.) On April 28, 2026, Petitioner filed an amended petition. (Doc. 4.) The Court dismissed the amended petition without prejudice. (Doc. 5.) On June 17, 2026, Petitioner filed a second amended petition. (Doc. 6.) The Court referred the second amended petition to Federal Defenders of San Diego, Inc. ("FDSDI") for an evaluation of whether appointment of counsel was appropriate. (Doc. 7.) On June 24, 2026, Petitioner, now represented by FDSDI, filed the Petition. (Doc. 9.) On June 29, 2026, Respondents filed their Response to Petition. (Doc. 10.) Petitioner was authorized to file a reply on or before July 8, 2026, but did not file one.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner argues that his detention violates 8 U.S.C. § 1231 and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 9 at 3–6.) Specifically, he argues that his removal is not significantly likely in the reasonably foreseeable future because Respondents have failed to remove him in the several months since his order of removal became final. (*Id.*) Respondents argue that Petitioner's detention still falls within the six-month presumptively reasonable period of detention after an order of removal becomes final. (Doc. 10 at 2–4.) Respondents also argue that Petitioner's removal is significantly likely because they are "now in the process of obtaining a travel document to

2

effectuate Petitioner's removal to Nicaragua," and "[o]nce Petitioner's travel document is obtained, ICE will arrange for his removal to Nicaragua." (Doc. 10 at 2.)

It is undisputed that Petitioner's removal order became final between three and six months ago. (*See* Doc. 9 at 4; Doc. 10 at 4.) As such, Petitioner's detention is no longer mandatory, but is presumptively reasonable. *See* 8 U.S.C. § 1231; *Zadvydas*, 533 U.S. at 701. Therefore, to succeed on a *Zadvydas* claim, Petitioner must rebut the presumption that his detention is reasonable. *See Ndandu v. Noem*, 819 F. Supp. 3d 1155, 1160–61 (S.D. Cal. 2026); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 398 (D.N.J. 2025) (within the six-month period, "the petitioner must claim and prove [ ] that his removal is not reasonably foreseeable"); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wis. 2008) ("the presumption scheme . . . suggests that the burden the detainee must carry within the first six months . . . is a heavier one than after six months has elapsed").

Petitioner has failed to rebut that presumption here. Petitioner argues only that he "has good reason to think that ICE cannot remove him, since months of effort have borne no fruit" and "[h]e does not know when ICE will remove him to Nicaragua." (Doc. 9 at 5.) Given the heavier burden Petitioner faces within the presumptively reasonable six-month detention period to show that his removal is not significantly likely in the reasonably foreseeable future, these conclusory statements are not enough. For example, this Court found the petitioner in *Ndandu* had rebutted the presumption of reasonableness by establishing that: (1) the petitioner was granted deferral of removal and no alternative countries were designated in the removal order; (2) the government had failed to identify a third country in the three years since the petitioner's grant of deferral of removal; (3) the petitioner's serious criminal history and mental health conditions made it unlikely that a third country would agree to accept him; and (4) the petitioner cited historical data regarding the unlikelihood of removal of similarly situated detainees. 819 F. Supp. 3d at 1160–61. Petitioner's showing here is a far cry from the showing in *Ndandu*.

Therefore, the Court finds that Petitioner has not met his burden to rebut the presumption of reasonableness of his detention. As such, the Court does not consider the

3:26-cv-02082-RBM-VET

rest of the *Zadvydas* burden-shifting framework.  The Petition (Doc. 9) is **DENIED without prejudice.**

### IV.    CONCLUSION

For the foregoing reasons, the Petition (Doc. 9) is **DENIED without prejudice**.  On or before **August 17, 2026**, Respondents **SHALL FILE** a status report either (1) indicating whether and when Petitioner was removed from the United States to Nicaragua or (2) appraising the Court of the Government's progress in removing Petitioner.  If Petitioner has not been removed by August 17, 2026, Petitioner may file an amended petition.

**IT IS SO ORDERED.**

DATE:  July 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-02082-RBM-VET